UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KATHRYN L. JAGOW, DDS, individually and on behalf of all others similarly situated,

　　　　　　　　　　Plaintiff,

　　v.

ASPEN AMERICAN INSURANCE COMPANY,

　　　　　　　　　　Defendant.

No.

COMPLAINT—CLASS ACTION

JURY DEMAND

## I.  INTRODUCTION

Plaintiff, KATHRYN L. JAGOW, DDS ("Jagow"), individually and on behalf of all other similarly situated members of the defined national class (the "Class Members"), by and through the undersigned attorneys, brings this class action against Aspen American Insurance Company ("Aspen" or "Defendant") and alleges as follows based on personal knowledge and information and belief:

## II.  JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class is a citizen of a state different from that of Defendant, the proposed Class has more than 100 class members,

COMPLAINT—CLASS ACTION - 1

and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Washington, has sufficient minimum contacts in Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of jurisdiction by this Court is proper. Moreover, jurisdiction exists because the claims of Plaintiff arise out of and directly related to Defendant's contacts with Washington. Plaintiff has standing to bring each claim against Defendant as a class representative whose claims are typical and common of the class under Fed. R. Civ. P. 23.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion the alleged wrongdoing occurred in this District and the state of Washington, and Defendant has sufficient contacts with this District and the state of Washington.

4.      Venue is proper in the District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's place of business is located in Mountlake Terrace, Snohomish County, Washington. This action is therefore appropriately filed in the Seattle Division of the United States District Court for the Western District of Washington.

### III.      PARTIES

5.      Plaintiff KATHRYN L. JAGOW, DDS, owns and operates a dental practice located at 22905 56th Avenue West, #101, Mountlake Terrace, WA 98043.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6.     Defendant Aspen American Insurance Company is an insurance carrier incorporated and domiciled in the State of Texas, with its principal place of business in Rocky Hill, Connecticut.

7.     Aspen is authorized to write, sell, and issue business insurance policies in all 50 States, the District of Columbia, Puerto Rico and the U.S. Virgin Islands. Aspen conducted business within these states by selling and issuing insurance policies to policyholders, including Plaintiff Jagow.

## IV.     NATURE OF THE CASE

8.     This lawsuit is filed to ensure that Plaintiff and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

9.     Defendant Aspen issued one or more insurance policies to Plaintiff, including Building, Blanket Dental Practice Personal Property and Income Coverage Part and related endorsements, insuring Plaintiff's property and business practice and other coverages, with effective dates of October 29, 2019 to October 29, 2020

10.     Plaintiff's business property includes property owned and/or leased by Plaintiff and used for general business purposes for the specific purpose of dentistry and other business activities.

11.     Defendant's policy issued to Plaintiff is an "all-risk" policy that provides broad property and business interruption coverage except where excluded.

12.     Defendant Aspen's insurance policy issued to Plaintiff promises to pay Plaintiff for DIRECT PHYSICAL DAMAGE to covered property and includes coverage for risks of any covered cause of loss to covered property.

COMPLAINT—CLASS ACTION - 3

13.     Defendant Aspen's policy issued to Plaintiff includes Practice Income Coverage, Extra Expense Coverage, Extended Practice Income Coverage and Civil Authority Coverage.

14.     Plaintiff paid all premiums for the coverage when due.

15.     On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

16.     On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-5, declaring a State of Emergency for all counties in the state of Washington as a result of Covid-19. Thereafter, he issued a series of certain proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

17.     On March 19, 2020, Governor Inslee issued a "PROCLAMATION BY THE GOVERNOR AMENDING PROCLAMATION 20-05: 20-24 Restrictions on Non Urgent Medical Procedures." dated March 19, 2020, which prohibited dental practitioners from providing dental services but for urgent and emergency procedures:

> WHEREAS, the health care person protective equipment supply chain in Washington State has been severely disrupted by the significant increased use of such equipment worldwide, such that there are now critical shortages of this equipment for health care workers. To curtail the spread of the COVID-19 pandemic in Washington State and to protect our health care workers as they provide health care services, it is necessary to immediately prohibit all hospitals, ambulatory surgery centers, and dental orthodontic, and endodontic offices in Washington State from providing health care services, procedures and surgeries that require personal protective equipment, which if delayed, are not anticipated to cause harm to the patient within the next three months.

18.     Proclamation 20-24 provides that one of the reasons it was issued was that "the worldwide COVID-19 pandemic and its progression throughout Washington State continues to threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property or the public peace."

COMPLAINT—CLASS ACTION - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

19.     On information and belief, Proclamation 20-24 refers to property damage throughout Washington State, including in Snohomish County where Plaintiff's business is located.

20.     On March 23, 2020, Mr. John Weisman, Secretary of Washington State's Department of Health, issued a list of directives and orders regarding healthcare matters and mandated that all healthcare practitioners, including dental, cease all elective and non-urgent medical procedures and appointments as of the close of business on March 24, 2020, and throughout the duration of the catastrophic health emergency.

21.     On March 25, 2020, the Washington State Dental Association recommended that all dental practices follow the mandates and orders of the Washington Department of Health and postpone all non-emergency or non-urgent dental procedures throughout the duration of the catastrophic health emergency.

22.     On March 30, 2020, Governor Inslee issued Order Number 20-03-30-01 affecting persons and residents within the State of Washington, which includes a "Stay-at-Home Order" requiring all persons living in Washington to stay in their homes or places of residences except under certain specified circumstances.

23.     Governor Inslee's Proclamations and Orders related to COVID-19 have been extended and modified from time to time.

24.     Governors and civil authorities in other states have issued similar orders and proclamations, for similar reasons.

25.     Due to Governor Inslee's order, beginning on or about March 19, 2020, Plaintiff was unable to use her property for its intended and insured purpose.

COMPLAINT—CLASS ACTION - 5

26.     Plaintiff's property sustained direct physical loss and/or damages related to COVID-19 and/or the proclamations and orders.

27.     Plaintiff's property will continue to sustain direct physical loss or damage covered by the Aspen policy or policies, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

28.     Plaintiff submitted a claim for coverage for its losses covered by the Aspen Policy on or about March 25, 2020.

29.     By letter dated June 8, 2020, Defendant denied Plaintiff's claim.

30.     Upon information and belief, Aspen has denied and will deny coverage to other similarly situated policyholders.

## V.     CLASS ACTION ALLEGATIONS

31.     This matter is brought by Plaintiff on behalf of itself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

32.     The Classes that Plaintiff seeks to represent are defined as:

A.     ***Practice Income Breach of Contract Class:*** All persons and entities in the United States issued an Aspen policy with Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Practice Income claim has been denied by Aspen.

B.     ***Practice Income Declaratory Relief Class:*** All persons and entities in the United States issued an Aspen policy with Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

COMPLAINT—CLASS ACTION - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

C.      ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States issued an Aspen policy with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extra Expense claim has been denied by Aspen.

D.      ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States issued an Aspen policy with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

E.      ***Extended Practice Income Breach of Contract Class***:  All persons and entities in the United States issued an Aspen policy with Extended Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Practice Income claim has been denied by Aspen.

F.      ***Extended Practice Income Declaratory Relief Class:*** All persons and entities in the United States issued an Aspen policy with Extended Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

G.      ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States issued an Aspen policy with Civil Authority Coverage who suffered a suspension of their practice at the covered premises related to the impact of COVID-19

COMPLAINT—CLASS ACTION - 7

and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Aspen.

        H. ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States issued an Aspen policy with Civil Authority Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

33.    Excluded from the Class are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiff Jagow reserves the right to amend the Class definition based on information obtained in discovery.

34.    This action may properly be maintained on behalf of the Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

35.    **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. Plaintiff is informed and believes that the proposed Class has hundreds of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

36.    **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

        A.    Whether the class members suffered covered losses based on common policies issued to members of the Class;

        B.    Whether Aspen acted in a manner common to the Class by wrongfully and uniformly denying claims for coverage relating to COVID-19 and/or orders issued by

COMPLAINT—CLASS ACTION - 8

Governor Inslee, other Governors, and/or other civil authorities on the same grounds and/or otherwise in breach of the law of contracts;

C.      Whether Practice Income Coverage in Aspen's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.      Whether Extra Expense Coverage in Aspen's policies of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E.      Whether Extended Practice Income Coverage in Aspen's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

F.      Whether Civil Authority Coverage in Aspen's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

G.      Whether Aspen has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

H.      Whether, because of Defendant's conduct, Plaintiff and the class members have suffered damages; and if so, the appropriate amount thereof; and

I.      Whether, because of Defendant's conduct, Plaintiff and the class members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

COMPLAINT—CLASS ACTION - 9

37.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the class. Plaintiff and all the members of the class have been injured by the same wrongful practices of Defendant. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

38.     **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the class and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor its attorneys have any interests contrary to or in conflict with the Class.

39.     **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the class would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent class members to protect their interests.

40.     **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the class making injunctive relief and declaratory relief appropriate on a classwide basis.

41.     **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the class are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and the court system would be unduly burdened by individual litigation of such cases. A class

action would result in a unified adjudication, with the benefits of economies of scale and

supervision by a single court.

## VI.    CAUSES OF ACTION

### <u>Count One—Declaratory Judgment</u>

*(Brought on behalf of the Practice Income Coverage Declaratory Relief Class, Extra Expense Declaratory Relief Class, Extended Practice Income Declaratory Relief Class, andCivil Authority Relief Class)*

42.     Previous paragraphs alleged are incorporated herein.

43.     This is a cause of action for declaratory judgment pursuant to the Declaratory

Judgment Act, codified at 28 U.S.C. § 2201.

44.     Plaintiff Jagow brings this cause of action on behalf of the Practice Income

Coverage Declaratory Relief Class, , Extra Expense Declaratory Relief Class, Extended Practice

Income Declaratory Relief Class, and Civil Authority Declaratory Relief Class.

45.     Plaintiff Jagow seeks a declaratory judgment declaring that Plaintiff Jagow's and

class members' losses and expenses resulting from the interruption of their business are covered

by the Policy.

46.     Plaintiff Jagow seeks a declaratory judgment declaring that Aspen is responsible

for timely and fully paying all such claims.

### <u>Count Two—Breach of Contract</u>

*(Brought on behalf of the Practice Income Coverage Breach of Contract Class, Extra Expense Breach of Contract Class, Extended Practice Income Breach of Contract Class, , and Civil Authority Breach of Contract Class)*

47.     Previous paragraphs alleged are incorporated herein.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

48.     Plaintiff Jagow brings this cause of action on behalf of the Practice Income Coverage Breach of Contract Class, Extra Expense Breach of Contract Class, Extended Practice Income Breach of Contract Class, and Civil Authority Breach of Contract Class.

49.     The Policy is a contract under which Plaintiff Jagow and the class paid premiums to Aspen in exchange for Aspen's promise to pay Plaintiff Jagow and the class for all claims covered by the Policy.

50.     Plaintiff Jagow has paid its insurance premiums.

51.     Plaintiff Jagow has been denied coverage for its losses covered by the Aspen policy.

52.     Upon information and belief, Aspen has denied, and will continue to deny coverage for other similarly situated policyholders.

53.     Denying coverage for the claim is a breach of the insurance contract.

54.     Plaintiff Jagow is harmed by the breach of the insurance contract by Aspen.

## 1.     REQUEST FOR RELIEF

1.     Class action status under Fed. R. Civ. P. 23.

2.     A declaratory judgment that the policy or policies cover the plaintiff's losses and expenses resulting from the interruption of the Plaintiff's business by COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

3.     A declaratory judgment that the defendant is responsible for timely and fully paying all such losses.

4.     Damages.

5.     Pre-judgment interest at the highest allowable rate.

6.     Reasonable attorney fees and costs.

COMPLAINT—CLASS ACTION - 12

7.      Such further and other relief as the Court shall deem appropriate.

## VII.    JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

DATED this 10th day of August, 2020.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Karin B. Swope*
By: *s/Maureen Falecki*
By: *s/Nathan L. Nanfelt*
        Amy Williams-Derry, WSBA #28711
        Lynn L. Sarko, WSBA #16569
        Ian S. Birk, WSBA #31431
        Gretchen Freeman Cappio, WSBA #29576
        Irene M. Hecht, WSBA #11063
        Karin B. Swope, WSBA #24015
        Maureen Falecki, WSBA #18569
        Nathan Nanfelt, WSBA #45273
        1201 Third Avenue, Suite 3200
        Seattle, WA 98101
        Telephone: (206) 623-1900
        Fax: (206) 623-3384
        Email: awilliams-derry@kellerrohrback.com
        Email: lsarko@kellerrohrback.com
        Email: ibirk@kellerrohrback.com
        Email: gcappio@kellerrohrback.com
        Email: ihecht@kellerrohrback.com
        Email: kswope@kellerrohrback.com
        Email: mfalecki@kellerrohrback.com
        Email: nnanfelt@kellerrohrback.com

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

By: *s/ Alison Chase*

Alison Chase, *pro hac vice forthcoming*
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Fax: (805) 456-1497
Email: achase@kellerrohrback.com

**Attorneys for Plaintiff**

4824-3181-6134, v. 1

COMPLAINT—CLASS ACTION - 14

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384